IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MALCOLM BUIE**   **PLAINTIFF**

v.   **CAUSE NO. 3:18cv321-LG-RHW**

**ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY
and JOHN DOES A-F**   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [28] Motion for Summary Judgment filed by Plaintiff Malcolm Buie. In the Motion, Buie argues that Defendant Allstate Property and Casualty Insurance Company ("Allstate") – the issuer of his uninsured motorist policy – is contractually bound to pay him $85,000 for the uncollected default judgment he obtained in state court against Courtney Anderson – the uninsured motorist previously severed from this lawsuit. The Motion is fully briefed. Having considered the submissions of the parties and applicable law, the Court is of the opinion Buie's Motion for Summary Judgment should be granted in part and denied in part. The Motion will be granted insofar as Allstate concedes the issue of coverage. However, summary judgment will not be entered on damages.

### I. BACKGROUND

Buie filed this lawsuit in the County Court of Warren County, Mississippi against Defendant Anderson, an uninsured driver, and Allstate, Buie's insurer.

Buie brought negligence claims against Mr. Anderson, alleging that Anderson injured Buie while operating a vehicle in a Wal Mart parking lot, and contract claims against Allstate, alleging wrongful denial of uninsured motorist benefits. (Notice of Removal Ex. A., at 3-5, ECF No. 1-1.) On May 18, 2018, Allstate removed the case to federal district court. Applying Mississippi Rule of Civil Procedure 20, the Court determined that the claims against Anderson and the claims against Allstate were distinct litigable events. (Order Granting Mot. Sever Claims & Partially Remand & Den. Mot. Remand 3, ECF No. 13.) The Court severed the claims against Anderson from this lawsuit and remanded those claims back to state court. (*Id.* at 4.)

On February 14, 2019, the state court entered final judgment in the amount of $85,000 against Mr. Anderson. The judgment was not the result of a jury finding of liability and damages. Instead, judgment was entered following Mr. Anderson's default. Buie filed the instant Motion for Summary Judgment on February 28, 2019, arguing that Allstate is contractually bound by the terms of his uninsured motorist policy to pay this default judgment of $85,000. Allstate counters that it never provided written consent to the lawsuit against Mr. Anderson, which the policy requires for Allstate to be bound by that judgment.

## II. DISCUSSION

a. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

Allstate Concedes the Threshold Issue of Coverage

Allstate agrees that Mr. Anderson qualifies as an uninsured motorist under Buie's policy and that Buie was covered by the policy at the time of the incident in the Wal-Mart parking lot.[1]  Summary Judgment will therefore be granted as to these issues.  However, Allstate maintains that it is entitled to its own investigation of and determination of Buie and Anderson's comparative fault and Buie's damages.

   b. Allstate is Not Bound by the State Court Default Judgment Against Anderson

A paragraph in Buie's policy states, that "If, at any time before **we** pay for the loss, an **insured person** institutes a suit against anyone believed responsible for the accident, **we** must be given a copy of the summons and complaint or other process.  If a suit is brought without our written consent, **we** aren't bound by any resulting judgment." (Mot. Summ. J. Ex. 2, at 35, ECF No. 28-2 (ECF pagination) (emphasis in original).)  Buie contends that this language has been satisfied because (1) he provided Allstate with a copy of the summons and complaint when he served process on Allstate and (2) Allstate provided its written consent to Buie's lawsuit against Anderson when Allstate removed this case and asked that the claims against Anderson be severed.  Allstate seems to acknowledge that it received a copy of the summons and complaint but denies having every provided written consent to Buie for the the lawsuit against Anderson.

---

[1] The Court would note that this position, while not explicitly at odds with Allstate's briefing on the [8] Motion to Sever Claims and Partially Remand, appears not to be entirely consistent with Allstate's prior representation of the factual disputes in this case.

– 4 –

Buie's argument has some facial appeal. Allstate certainly was given proper notice of the lawsuit and, through written court filings, effectively elected to play no part in the defense of Buie's claims against Anderson (which would necessarily be determinative of Buie's claim under his uninsured motorist policy). Buie characterizes this decision as Allstate having "consented to the state court case proceeding against Mr. Anderson without its participation."[2] (Reply Mot. Summ. J. 3, ECF No. 32.) However, the absence of written rejection does not equate to the presence of a written consent. Plaintiff did not seek and obtain written consent to proceed. And the policy clearly requires written consent. Thus, the state court default judgment does not establish the damages in this case. *See Spann v. Allstate Property & Cas. Ins. Co.*, No. 4:08CV95-DPJ-JCS, 2009 WL 3633879, at *3 (S.D. Miss. Oct. 28, 2009); *State Farm Fire & Cas. Co. v. Wightwick*, 320 So. 2d 373, 375-76 (Miss. 1975).

Because Allstate is not bound by the default judgment against Mr. Anderson, Buie still bears the burden of establishing Mr. Anderson's negligence and his own resulting damages. Summary judgment is therefore not appropriate on this record.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [28] Motion for Summary Judgment filed by Plaintiff Malcolm Buie is **GRANTED IN PART**

---

[2] Buie also points out the contradictory nature of Allstate now asserting that the only issues to be determined are Anderson's negligence and Buie's damages given Allstate's prior representation that his tort claims against Anderson should be severed from his contract claims against Allstate. *See Delaughter v. Dufrene*, 1:17CV294-LG-RHW, 2017 WL 5501498 (S.D. Miss. Nov. 16, 2017); *Cook v. OneBeacon Am. Ins. Co.*, 2:13CV305-HSO-RHW, 2014 WL 6388458 (S.D. Miss. Nov. 14, 2014).

and **DENIED IN PART**.  The Motion is **GRANTED** to the extent that it seeks a declaration that Buie's uninsured motorist policy covers any damages caused by Courtney Anderson's negligence.  The Motion is **DENIED** insofar as it seeks to bind Allstate to the state court default judgment.

**SO ORDERED AND ADJUDGED** this the 26th day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE